IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELLEN ROSENBLUM, the Attorney General for the State of Oregon; STATE OF OREGON, by and through Ellen Rosenblum, the Attorney General for the State of Oregon, the Oregon Health Authority, and the Oregon Department of Human Services; and the OREGON HEALTH INSURANCE EXCHANGE CORPORATION, dba Cover Oregon, an Oregon public corporation, | 3:14-CV-01532-BR<br><br>OPINION AND ORDER |
|       Plaintiffs, | |
| v. | |
| ORACLE AMERICA, INC., a Delaware corporation; STEPHEN BARTOLO, an individual; THOMAS BUDNAR, an individual; KEVIN CURRY, an individual; SAFRA CATZ, an individual; BRIAN KIM, an individual; RAVI PURI, an individual; and MYTHICS, INC., a Virginia corporation, | |
|       Defendants. | |

1 - OPINION AND ORDER

**DAVID B. MARKOWITZ**
**PETER H. GLADE**
**LISA A. KANER**
**DALLAS S. DELUCA**
**HARRY B. WILSON**
Markowitz Herbold PC
Suite 3000 Pacwest Center
1211 S.W. Fifth Avenue
Portland, OR 97204-3730
(503) 295-308

        Attorneys for Plaintiffs

**BRENNA K. LEGAARD**
**JEFFERY S. EDEN**
Schwabe, Williamson & Wyatt, P.C.
1211 S.W. Fifth Avenue, Suite 1900
Portland, OR 97204
(503) 222-9981

**KAREN JOHNSON-MCKEWAN**
**ROBERT S. SHWARTS**
**ERIN M. CONNELL**
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
(415) 773-5700

**DORIAN E. DALEY**
**DEBORAH K. MILLER**
**PEGGY E. BRUGGMAN**
Oracle Corporation
Legal Department
500 Redwood Shores, CA 94065
(650) 506-9534

        Attorneys for Defendants Oracle America, Inc.; Stephen
        Bartolo; Thomas Budnar; Kevin Curry; Safra Catz; and
        Brian Kim

**DAYNA E. UNDERHILL**
Holland & Knight LLP
2300 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, OR 97204
(503) 243-2300

**TIMOTHY D. BELEVETZ**
Holland & Knight LLP
1600 Tysons Boulevard
Suite 700
Tysons Corner, VA 22102
(703) 720-8088

>Attorneys for Mythics, Inc.

**BROWN, Judge.**

This matter comes before the Court on the Motion (#25) to Remand or in the Alternative to Change Venue of Oregon Attorney General Ellen Rosenblum, the State of Oregon, and Oregon Health Insurance Exchange dba Cover Oregon (Oregon Plaintiffs) and Defendant Oracle America, Inc.'s Motion (#34) to Consolidate. For the reasons that follow, the Court **DENIES as moot** Oracle's Motion to Consolidate, **GRANTS** the Oregon Plaintiffs' Motion to Remand, and **REMANDS** this matter to Marion County Circuit Court.

## BACKGROUND

The following facts are taken from the Complaint and the materials filed in connection with Oregon Plaintiffs' Motion to Remand.

In 2007-2008 the Oregon Department of Human Services (DHS) began a project to modernize its technology systems (the Modernization Project). To identify potential technology vendors to implement the Modernization Project, DHS issued a Request for Identification (RFI) in January 2009.

3 - OPINION AND ORDER

In February 2009 Oracle America, Inc., submitted a response to the RFI.

At some point in 2009 the Oregon Legislature created the Oregon Health Authority (OHA) as a division of DHS.

On March 23, 2010, Congress enacted the Patient Protection and Affordable Care Act (ACA), Public Law No. 111-148, 124 Stat. 119 (2010), and thereby established legal foundations for states either to create health-insurance exchanges (HIX) or to use an HIX developed by the federal government.

In October 2010 the United States Department of Health and Human Services (HHS) announced it would offer Early Innovator grants to states to design and to implement the information technology infrastructure needed to operate the HIX required by the ACA. The State of Oregon determined an Early Innovator Grant would provide it with the opportunity to combine the Modernization Project with a project to create an HIX for the State of Oregon.

In February 2011 HHS awarded Oregon an Early Innovator Grant to implement an HIX. Oregon then began seeking a company to provide both the Modernization Project and an HIX.

Throughout 2010 and 2011 OHA employees attended numerous presentations and demonstrations by Oracle America, Inc., related to Oracle's ability to provide the Modernization Project and the HIX. The State of Oregon through DHS/OHA subsequently decided to

use Oracle to complete the Modernization Project and the HIX (the Oracle Solution).

The State of Oregon did not contract with Oracle directly. Instead the State contracted with Mythics, Inc., a corporation that works with Oracle to distribute and to sell Oracle products and to provide consulting on the implementation and integration of Oracle's products.

On June 30, 2011, the State of Oregon entered into an agreement with Mythics and executed the Mythics License and Services Agreement (MLSA). Oracle did not sign the MLSA, but it was named as a third-party beneficiary of the MLSA.

The MLSA did not provide for the actual purchase of Oracle products and services, but instead provided a contractual framework to govern the purchase of Oracle products and services. Actual purchases were made through a series of purchase orders submitted pursuant to the MLSA. The parties refer to the MLSA, the purchase orders, and the ordering documents submitted pursuant to the MLSA collectively as Mythics-ORA Contracts.

In June 2011 the Oregon Legislature passed legislation creating the Oregon Health Insurance Exchange Corporation (Cover Oregon)[1] as a public corporation and an independent unit of the State. Oregon Revised Statute § 741.002(1)(a) provides Cover

---

[1] On October 1, 2012, the Oregon Health Insurance Exchange Corporation adopted the name Cover Oregon.

5 - OPINION AND ORDER

Oregon shall "[a]dminister a health insurance exchange in accordance with federal law to make qualified health plans available to individuals and groups throughout this state."

Also on June 30, 2011, DHS/OHA executed a Statement of Work that provided Mythics and Oracle would "assist" DRS and ORA with the "installation, implementation, configuration, and customization of the Oracle Policy Automation 10.2 components to support benefit eligibility processing and full determination for various state programs" and the HIX.

In August 2011 DHS and OHA executed a purchase order with Oracle for the purchase of licenses for the Oracle software that comprised the Oracle Solution, the hardware on which to run the software, and consulting services to begin planning and implementing the Oracle Solution.

Between June 30, 2011, and July 11, 2013, the State of Oregon and Mythics executed 20 purchase orders under the MLSA for the purchase of Oracle hardware, software, and services.

In November 2011 DHS and OHA entered into the Oracle License Service Agreement (OHA OLSA) with Oracle.  Like the MLSA, the OHA OLSA did not provide for the actual purchase of Oracle products and services but instead provided a contractual framework governing the purchase of Oracle products and services.  Actual purchases were made through a series of purchase orders submitted pursuant to the OHA OLSA (the parties refer to the OLSA, related

purchase orders, and ordering documents as the "Oracle-OHA Contracts").

Between November 30, 2011, and May 29, 2014, DHS and OHA executed 23 purchase orders under the OHA OLSA.

In December 2012 OHA began to transition the HIX-IT Project to Cover Oregon.

As noted, Cover Oregon was not a party to the MLSA or the Oracle-OHA Agreements. On March 14, 2013, therefore, Cover Oregon executed an Oracle License and Services Agreement (Cover Oregon OLSA) with Oracle. Like the MLSA and the OHA OLSA, the Cover Oregon OLSA did not provide for the purchase of Oracle products and services but instead provided a contractual framework governing the actual purchase of Oracle products and services. Specifically, purchases were made through a series of Oracle ordering documents and Cover Oregon purchase orders submitted pursuant to the Cover Oregon OLSA (collectively the Cover Oregon OLSA and the ordering documents, and the purchase orders submitted pursuant to it shall be referred to as the Oracle-Cover Oregon Contracts).

In order for Oregonians to obtain insurance for 2014 as required by the ACA, Cover Oregon established the goal of launching the HIX by October 1, 2013.

The HIX, however, was not ready to launch by October 1, 2013. Throughout 2013 and into 2014 Oracle and Cover Oregon

worked to make the Oregon HIX useable and effective.  Oregon Plaintiffs allege in their Complaint that "[a]s a result of Oracle's failure to deliver a fully automated Oracle Solution to Cover Oregon, the Oregon Health Authority, in coordination with Cover Oregon, is working to transition to the federal website."

On August 8, 2014, Oracle filed an action in this Court against Cover Oregon, 3:14-CV-1279-BR, (the Federal Action) asserting claims for breach of contract and quantum meruit in which Oracle alleged Cover Oregon has not paid for all of the services that Oracle rendered, "continue[s] to use Oracle's work product[,] and . . . has transferred some or all of that work product to others in violation of the parties' written agreements."  Oracle based the Court's jurisdiction in the Federal Action on diversity.

On August 22, 2014, Oregon Attorney General Ellen Rosenblum, the State of Oregon, and Cover Oregon filed an action in Marion County Circuit Court (the State Action) against Oracle, Mythics, and six Oracle employees[2] alleging claims for fraud; breach of contract; breach of the Oregon False Claims Act (OFCA), Oregon Revised Statute § 180.750, *et seq.*; and violations of Oregon Racketeer Influenced and Corrupt Organizations Act (ORICO), Oregon Revised Statute § 166.715, *et seq.*

---

[2] The Oracle employees are Stephen Bartolo, Thomas Budnar, Kevin Curry, Safra Catz, Brian Kim, and Ravi Puri

8 - OPINION AND ORDER

Also on August 22, 2014, Cover Oregon filed in the Federal Action a Motion to Dismiss for Failure to State a Claim and Failure to Join Necessary and Indispensable Party.  Specifically, Cover Oregon asserted this Court must dismiss the Federal Action because Oracle failed to sue the State of Oregon, a necessary and indispensable party.

On September 8, 2014, Oracle filed in the Federal Action an Amended Complaint against Cover Oregon and the State of Oregon asserting claims for copyright infringement (against Cover Oregon and the State of Oregon); breach of contract (against Cover Oregon); breach of the implied covenant of good faith and fair dealing (against Cover Oregon); and *quantum meruit* (against Cover Oregon and the State of Oregon).

On September 18, 2014, this Court denied Cover Oregon's Motion to Dismiss filed in the Federal Action as moot and directed Cover Oregon and/or the State of Oregon to file any motions against the Amended Corrected Complaint no later than October 2, 2014.

On September 25, 2014, Oracle and Catz removed the State Action to this Court, 3:14-CV-1532-BR, on the grounds that

> 28 U.S.C. § 1454(a) provides that a civil action is removable if "any party asserts a claim for relief arising under any Act of Congress relating to patents . . . or copyrights."  28 U.S.C. § 1454(a).  Here, Oracle filed its copyright claim in federal court [in the Federal Action] because federal court has exclusive jurisdiction over Oracle's federal copyright claim, 28 U.S.C.

9 - OPINION AND ORDER

> § 1338, and it could not file such a claim in the state court proceeding. Accordingly, Oracle, a party to the state court proceeding, has asserted a claim for relief [in the Federal Action] arising under the federal copyright statute. Thus, this Court has jurisdiction over the claims in the Complaint [in the State Action] pursuant to Section 1454(a).
>
> This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiffs' claims asserted in the [State Action] Complaint because those claims are "so related to claims in the [Federal] [A]ction within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Notice of Removal, 3:14-CV-1532-BR, (#1) at ¶¶ 6-7. In short, Oracle and Catz removed on the ground that this Court has jurisdiction over the State Action because Oracle asserted copyright claims and state-law claims in the Federal Action and the claims in the State Action are related to the claims in the separate Federal Action.

On October 2, 2014, in the Federal Action the State of Oregon filed a Motion to Dismiss, Cover Oregon filed a Motion to Dismiss, and the State of Oregon and Cover Oregon filed a Joint Motion to Dismiss.

Also on October 2, 2014, the Court issued an Order in the State Action in which it directed the Oregon Plaintiffs to file any motion to remand no later than October 16, 2014.

On October 16, 2014, the Oregon Plaintiffs filed a Motion to Remand the State Action.

The Court set oral argument on November 21, 2014, as to the

10 - OPINION AND ORDER

Oregon Plaintiffs' Motion to Remand filed in the State Action that Defendants removed to this Court and the various Motions to Dismiss filed in the Federal Action.

On November 10, 2014, the Court issued an Order advising the parties that it had reviewed the Motions to Dismiss and the Motion to Remand and it appeared to the Court that the Motion to Remand should be granted. Because the Court concluded the remand issue should be decided before the dismissal challenges to the Federal Action, the Court (1) limited oral argument on November 21, 2014, to the Motion to Remand; (2) directed Oracle to be prepared to advise the Court at oral argument whether, as suggested in its arguments in opposition to remand, Oracle intended to strike its copyright claims in the Federal Action if the Court granted the Motion to Remand; and (3) advised the parties that it would set a new date for oral argument on the Motions to Dismiss if they were not mooted by a decision by Oracle to strike its copyright claims in the Federal Action.

On November 18, 2014, Oracle filed an Answer in the State Action (as it then "resided" in this Court under the challenged removal) that included counterclaims for copyright infringement. Oracle also filed in both the State and Federal Actions Motions (#34, #59 respectively) to Consolidate the two actions.

On November 21, 2014, the Court heard oral argument on the Motion to Remand and the Motions to Consolidate. At oral

11 - OPINION AND ORDER

argument the Court granted the Motion to Remand and advised the parties that a written opinion would follow as to the Court's decision on the Motion to Remand.  The Court also denied as moot the Motions to Consolidate.

## STANDARDS

28 U.S.C. § 1446(a) provides in pertinent part:  "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal."  28 U.S.C. § 1446(b) provides in pertinent part:  "The notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

A motion to remand is the proper procedure for challenging removal.  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).  "Removal and subject matter jurisdiction statutes are strictly construed, and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014)(quotation omitted).

12 - OPINION AND ORDER

There is a "strong presumption against removal jurisdiction, and the removing party has the burden of establishing that removal is proper." *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 64 (9th Cir. 2011)(quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

## DISCUSSION

The Oregon Plaintiffs move to remand the State Action on the ground that, among other things, this Court does not have jurisdiction.

As noted, Oracle contends in its Response to the Oregon Plaintiffs' Motion to Remand that this Court has jurisdiction over the State Action pursuant to 28 U.S.C. § 1454(a) because Oracle has asserted copyright claims in the Federal Action and the Court may look to the copyright claims in the Federal Action to provide jurisdiction over the State Action. In its Motion to Consolidate Oracle contends this Court also has jurisdiction pursuant to § 1454(a) because Oracle asserted copyright counterclaims in the State Action after removal.

**I.  This Court does not have jurisdiction over the State Action under § 1454(a) based on the copyright claims originally asserted only in the Federal Action.**

"Under the canonical well-pleaded complaint rule, 'a suit arises under federal law for 28 U.S.C. § 1331 purposes 'only when the plaintiff's statement of his own cause of action shows that

13 - OPINION AND ORDER

it is based upon federal law.'"  *Hawaii ex rel. Louie*, 761 F.3d at 1034 (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009)).

In 2011 Congress passed 28 U.S.C. § 1454 to address potential inequities that might arise from application of the well-pleaded complaint rule in the context of actions filed in state court in which plaintiffs did not plead copyright claims but in which copyright claims were, in fact, the gravamen of the action.  *See Univ. of Ky Research Found., Inc. v. Niadyne, Inc.*, 2013 WL 5943921, at *5 (E.D. Ky. Nov. 5, 2013)("[B]y enacting Section 1454, Congress has broadened federal-court removal jurisdiction to better ensure that whenever claims arise under federal patent law, they are removable, irrespective of who asserted them."). Section 1454 provides in pertinent part:

> A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to . . . copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending.
>
> * * *
>
> If a civil action is removed solely under this section, the district court--
>
> (1) *shall* remand all claims that are neither a basis for removal under subsection (a) nor within the original or supplemental jurisdiction of the district court under any Act of Congress.

28 U.S.C. § 1454(a) and (d)(emphasis added).

As noted, Oracle contends the State Action is removable pursuant to § 1454(a) because Oracle has brought copyright claims

14 - OPINION AND ORDER

in the Federal Action.  Oracle's contention, however, is not supported by the plain language of § 1454, which speaks solely in terms of removing an action containing a copyright claim or counterclaim.  Specifically, § 1454(a) refers to removal of "a" civil action in which a party asserts a federal claim for relief.  It does not refer to multiple civil *actions* nor does it suggest an action may be removed if another related action involves a copyright claim.  Thus, although § 1454 permits the Court to look beyond the complaint for jurisdiction, it does not permit the Court to look beyond the specific action to a separate action to find the jurisdictional basis for removal.

The Court also concludes Oracle's position is also unsupported by the cases it cites: *Concordia Partners, LLC v. Pick*, No. 2:14-cv-09- GZS, 2014 WL 4060253 (D. Me. Aug. 14, 2014); *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843 (2014); *Sleppin v. Thinkscan.com, LLC*, No. 14-CV-1387 ADS ARL, 2014 WL 5431352 (E.D.N.Y. Oct. 23, 2014); and *Acorne Prods., LLC v. Tjeknavorian*, No. 14-CV- 2179 KAM, 2014 WL 3548632 (E.D.N.Y. July 17, 2014).  None of the courts in those cases permitted the defendant to rely on then-pending claims in a federal action to provide jurisdiction for a separate removed state-court action.

The Court concludes based on the plain language of § 1454(a) that the copyright claims asserted by Oracle in the Federal

15 - OPINION AND ORDER

Action do not provide this Court with removal jurisdiction over the State Action.

## II. This Court does not have jurisdiction over the State Action under § 1454(a) based on the copyright counterclaims asserted in the State Action after removal.

As noted, Oracle asserts in its Motion to Consolidate that this Court has jurisdiction over the State Action pursuant to § 1454(a) because Oracle has now asserted copyright counterclaims in the State Action. The Court disagrees.

Section 1454(a) provides in pertinent part that "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to . . . copyrights *may be* removed to the district court." Emphasis added. The statutory language ("[a] civil action in which any party asserts a claim . . . relating to . . . copyrights *may be removed*") indicates § 1454(a) provides the federal court with jurisdiction only when a state-court action *already includes* a copyright claim or counterclaim before it is removed to federal court. There is not any suggestion in § 1454 that Congress intended to broaden the right to remove by providing defendants with the right to remove an action that does not contain a copyright claim at the time of removal but then to remedy the jurisdictional defect *post hoc* by adding a copyright counterclaim *after* removal.

The Ninth Circuit has made clear that "federal jurisdiction is determined at the time of removal, not after a case has been

16 - OPINION AND ORDER

removed." *Allen v. F.D.I.C.*, 710 F.3d 978, 984 (9th Cir. 2013) (citations omitted). Although § 1454(a) expanded the kind of claims and pleadings that federal courts may consider when deciding whether removal is appropriate to include copyright counterclaims asserted by a defendant, there is not any indication that § 1454(a) changed the well-established rule that the time at which federal courts consider the removability of those claims is at the time of removal.

Oracle acknowledges the Ninth Circuit has not evaluated removal jurisdiction under § 1454(a). Oracle, therefore, relies on cases from district courts outside of the Ninth Circuit to support its contention that assertion of copyright counterclaims after removal to federal court creates a basis for the federal court's jurisdiction over the state action under § 1454. The Court, however, finds those cases to be unpersuasive.

For example, in *Concordia Partners, LLC v. Pick*, No. 2:14-cv-09-GZS, 2014 WL 4060253 (D. Me. Aug. 14, 2014), the plaintiff filed an action in state court asserting only state-law claims. The defendant removed the matter to federal court on the ground that the plaintiff's claims, in fact, arose under copyright law, and, therefore, the federal court had jurisdiction over the matter. The defendants filed an amended answer after removing the matter to federal court in which they asserted a counterclaim for copyright infringement for the first time. The court found

17 - OPINION AND ORDER

it had jurisdiction under § 1454(a):

> To the extent that [the plaintiff's] argument suggests that the Court must rely on the pleadings as they exist at the time of removal, the Court acknowledges that this argument is a logical extension of the rule applied above to resolve the timeliness argument.  However, . . . a logical extension of . . . District of Maine precedents and the plain language of 28 U.S.C. § 1454 would allow this Court to look at the counterclaims as filed to assess whether the counterclaims qualify for removal under § 1454.  As Defendants have pointed out, the "hypertechnical" alternative would be to remand the case so that Defendants could officially file their copyright counterclaim before the state court and then remove the case once again based on her newly asserted counterclaims.  In an already procedurally convoluted case, requiring this case to be remanded and re-removed would be inefficient and a waste of judicial resources.

*Id.*, at *4.  The other cases Oracle relies on *(Sleppin v. Thinkscan.com, LLC*, No. 14-CV-1387 ADS ARL, 2014 WL 5431352 (E.D.N.Y. Oct. 23, 2014), and *Acorne Prods., LLC v. Tjeknavorian*, No. 14-CV- 2179 KAM, 2014 WL 3548632 (E.D.N.Y. July 17, 2014)) cite to and rely on *Concordia*.

The Court, however, disagrees with the reasoning of the *Concordia* court and the courts that rely on *Concordia*.  This Court finds the considerations of judicial efficiency and the use of judicial resources do not permit the Court to ignore established Ninth Circuit law that the Court's jurisdiction is to be determined at the time of removal and that the Court is to "strictly construe" the "[r]emoval and subject matter jurisdiction statutes."  Although the alternative to overlooking

18 - OPINION AND ORDER

the lack of this Court's jurisdiction at the time of removal may appear to be "hypertechnical," this Court's jurisdiction is not a creature of convenience.  The Court cannot overlook the plain language of § 1454(a) and the Ninth Circuit's mandate to evaluate jurisdiction at the time of removal even when the result may be inconvenient for the parties or for the Court.

In summary, the Court concludes § 1454(a) does not support Oracle's proposition that this Court had jurisdiction at the time that Oracle removed the State Action to this Court.  In addition, § 1454(a) does not create jurisdiction in this Court when, as here, a party files a copyright claim or counterclaim after removal.  Oracle, therefore, has not met its burden to establish that removal of the State Action was proper and that this Court has jurisdiction over that action.

Accordingly, the Court grants Oregon Plaintiffs' Motion to Remand for lack of jurisdiction.

Because the Court concludes it does not have jurisdiction, the Court does not address the Oregon Plaintiffs' other grounds for remand.

## CONCLUSION

For these reasons, the Court **DENIES as moot** Oracle's Motion (#34) to Consolidate, **GRANTS** the Oregon Plaintiffs' Motion (#25) to Remand, and **REMANDS** this matter to Marion County Circuit

19 - OPINION AND ORDER

Court.

    IT IS SO ORDERED.

    DATED this 25th day of November, 2014.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

20 - OPINION AND ORDER